(111 App. Div. 669)

## In re RICKETTS.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. MUNICIPAL CORPORATIONS—OFFICERS—PROMOTION—CIVIL SERVICE—CONSTI-TUTIONAL LAW.

A rule of a municipal civil service commission requiring a specified period of service in the next lower grade before examination for pro-motion does not violate Const. N. Y. art. 5, § 9, providing that promotions in the civil service shall be made according to merit and fitness to be as-certained, so far as practicable, by examinations, which, so far as practi-cable, shall be competitive.

2. SAME—VALIDITY.

A rule of the civil service commission of New York City, requiring ap-plicants for examination for promotion to have served a stated period in the next lower grade does not violate Laws N. Y. 1899, p. 805, c. 370, § 15, providing that promotions shall be based on merit and competition, as the section further provides that promotions shall be based on the superior qualifications of the person promoted as shown by his previous service.

3. SAME—CIVIL SERVICE COMMISSION—POWERS.

Under the New York civil service law, Laws 1899, p. 803, c. 370, § 13, subd. 6, providing that a municipal civil service commission may refuse to examine an applicant who lacks any of the established preliminary re-quirements, the commission has power to require applicants for examina-tion for promotion to have served a stated period in the next lower grade.

4. SAME—CIVIL SERVICE RULE—REASONABLENESS.

A rule of a municipal civil service commission requiring applicants for examination for promotion to have served for not less than six months in the next lower grade is reasonable and proper.

5. CONSTITUTIONAL LAW—JUDICIAL POWERS—REVIEW OF CIVIL SERVICE RULES.

The court has power to review a rule of a municipal civil service com-mission setting up requirements for examination for promotion in the civil service and to declare the rule invalid if it is unreasonable and improper.

Appeal from Special Term, New York County.

Mandamus by George F. Ricketts against William F. Baker and others, composing the municipal civil service commission of the city of New York. From an order denying the writ, petitioner appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Weed, Henry & Meyers (Richmond Weed, of counsel), for appellant.

William B. Crowell (Theodore Connoly, on the brief), John J. Delany, Corp. Counsel, for respondents.

CLARKE, J. The appellant is an assistant foreman in the fire department of the city of New York. He applied to the Special Term of the Supreme Court for a writ of mandamus directed to the commissioners composing the municipal civil service commission of the city of New York, requiring them forthwith to permit him to enter and take part in a certain examination for promotion to the office of foreman in the fire department of said city, held by said commission on or about the 6th day of December, 1905, to examine him for said office, and to rate his merit and fitness for promotion to said office pursuant to law, and to certify his name, if he be found eligible for such promotion, to the fire commissioner of said city, in his appropriate place, upon the eligible list made up as a result of said examination. The appellant alleged in his petition that he had been duly appointed to the position of fireman February 1, 1896, and became, prior to January 1, 1899, a fireman of the first grade, and on July 19, 1905, was duly promoted, pursuant to due examination and certification, under the civil service law and rules, to the position of assistant foreman. He alleges that upon application made by the fire commissioner, the civil service commission in the month of February, 1905, called an examination for the purpose of examining candidates for promotion to the position of foreman in the fire department, and that numerous persons eligible to be examined were notified of the time and place of such examination; that the municipal civil service commission has declined to recognize petitioner's rights to be examined or to permit him to enter the examination, upon the ground that he has not served for six months in the position of assistant foreman, as required by rule 15, subd. 2, of the rules of the municipal civil service commission, adopted and promulgated December 4, 1903, which provides that:

"Examination for promotion shall be ordered as often as may be necessary to meet or to anticipate the needs of the higher grades, and so far as practicable shall be held periodically. Except where otherwise provided by law, such examination shall be open, in each case, to all persons who shall have served with fidelity for not less than six months, in positions of the same group or general character, in the grade next lower, in the same department, office, or institution."

Subdivision 5 of said rule also provides that:

"No person shall be admitted to an examination for promotion, who lacks any preliminary qualification for the position to be filled, fixed by law, or by these rules. * * *"

The petitioner further alleged that the requirements of said rule 15, subd. 2, that said promotion examination shall be open only to persons who shall have served with fidelity for not less than six months in positions in the grade next lower in the same department is invalid, and that other rules in pari materia in regard to rating are invalid and "de-

prive your petitioner of his right to compete in said examination for promotion to the office of foreman and greatly prejudice him in his occupation and in his standing in the public service of the city of New York, and that they unlawfully restrict the competition for promotion to such position, and that they are arbitrary and unreasonable, and of no effect." The Special Term denied the writ, and the petitioner appeals. Appellant claims that the civil service commission had no power to establish the rule in question; that it is invalid and unconstitutional, in that it unlawfully restricts competition for promotion.

Section 9 of article 5 of the state Constitution provides that:

"Appointments and promotions in the civil service of the state and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive. * * * Law shall be made to provide for the enforcement of this section."

The existing civil service law, passed in obedience to that mandate of the Constitution, is chapter 370, p. 795, of the Laws of 1899. Section 10 of said act provides that:

"The mayor of each city in this state shall appoint and employ suitable persons to prescribe, amend, and enforce rules for the classification of offices, places, and employments in the classified service of such city, and for appointment and promotions therein and examination therefor * * * not inconsistent with the Constitution and the provisions of this act, and shall amend the same from time to time. * * * Such rules herein prescribed and established * * * shall be valid and take or continue in effect only upon the approval of the mayor of the city and of the state civil service commission. * * * Subject to the provisions of this act and of said rules, the municipal commission of any city shall make regulations for and have control of examinations and registration for the service of such city and shall supervise and preserve the records of the same."

Section 6 of said act provides that:

"The rules prescribed by the state and municipal commissions pursuant to the provisions of this act shall have the force and effect of law."

Section 15 thereof provides that:

"Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. Promotions shall be based upon merit and competition and upon superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority."

It thus appears that upon the commission is conferred the power to establish rules and regulations not inconsistent with the Constitution and the provisions of said act, which rules and regulations, upon approval by the mayor and the state civil service commission, have the force and effect of law. The rule providing for six months' service in the next lower grade does not offend any constitutional provision. The appellant claims that because the Constitution provides that "promotions * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive," it is a violation of the principle of competitive examination to require a period of service in the next lower grade before promotion. I find no such limitation in the Constitution.

The reiteration of the words "so far as practicable," establishes the fact that the constitutional convention and the people, who approved its work, were distinctly aware that competitive examinations were not always practicable, and that the results thereof would not always produce the best results in the public service.    The Constitution, therefore, instead of a hard and fast rule, left some leeway.    Especially is it true in regard to promotions that much more than mere proficiency in paper examination is requisite for the determination of efficiency. Above all, in what might be called those quasi military bodies, the police and fire departments, where discipline in the rank and file and effectiveness in fighting crime and fire depend so much upon the coolness, skill, steadiness, experience, and qualities of command in the superior officers.    So the Constitution provided that, so far as practicable, examinations should be had and, so far as practicable, be competitive, and directed the Legislature to provide for the enforcement of the section.

The appellant claims the rule to be a violation of the civil service act, because, he says, that act says "promotions shall be based upon merit and competition," and that the commission has no right to restrict competition by any period of service in the lower grade.    But the act says:

"And upon the superior qualifications of the person promoted, as shown by his previous service, due weight being given to seniority."

Section 728 of the charter (chapter 466, p. 306, Laws 1901) also provides:

"Promotion of officers and members of the force shall be made by the fire commissioner as provided in section one hundred and twenty-four of this act on the basis of seniority, meritorious service in the department and superior capacity as shown by competitive examinations."

So far from establishing appellant's point, those provisions seem to me to be warrant for the rule.    We are dealing with promotion from one grade to another, from a subordinate to a position of command. What better test of ability to command can be given than by service as second in command?    How are "seniority and meritorious service" in the grade below, and the "superior qualifications of the person promoted as shown by his previous service," to be ascertained and given their due weight, if there has been no service in the lower grade?    For entrance into the service—and the provisions as to competitive examination are the same in both Constitution and law—the rules provide certain preliminary qualifications, as, for instance, height, and weight, and age.    These qualifications are not prescribed in the statute, but are wisely left to the commission, the law providing in subdivision 6 of section 13 of the civil service law:

"Such commission may refuse to examine an applicant, or after examination, to certify an eligible who is found to lack any of the established preliminary requirements for the examination or position for which he applies."

The law, therefore, contemplates the establishment by rule of "preliminary requirements."    For a promotion, six months' service in the inferior grade is such a preliminary requirement.    The commission has the power to make such requirement.    The question for the court is,

Was the rule reasonable, designed to carry out the purpose of the law and not to defeat it? We think this rule, to be reasonable and proper, designed to promote the efficiency of the service, and in harmony with the spirit of the civil service provisions of the Constitution and laws made thereunder. The court has the power to review such a rule and to declare it invalid if it does offend such spirit and purpose, and it will not hesitate, in a proper case, to exercise such power.

In the case at bar, the decision of the court below was right, and the order appealed from should be affirmed, with $10 costs, and disbursements. All concur.

(111 App. Div. 548)

### RUDOMIN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. DAMAGES—ISSUES AND PROOF—PERSONAL INJURIES.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 441-446.]

2. APPEAL—EXCEPTIONS—INSTRUCTIONS.

Appeal from Trial Term, New York County.

