[Civ. No. 9047. First Appellate District, Division Two.—November 9, 1933.]

LUCEILLE RUMETSCH, Respondent, v. CITY OF OAK-LAND (a Municipal Corporation) et al., Appellants.

268

C. Stanley Wood, City Attorney, and John W. Collier, Deputy City Attorney, for Appellants.

Decoto & St. Sure for Respondent.

NOURSE, P. J.—The petitioner commenced this proceeding in *mandamus* to require the trustees of the police relief and pension fund to award her a pension. Her application had been denied by the trustees after a hearing. She had judgment in the superior court.

The facts are undisputed. Herman Rumetsch entered the police department of the City of Oakland on December 16, 1911; on November 15, 1917, he was injured while in the performance of his duties; on April 1, 1919, he was retired on a pension which he was paid until the date of his death—March 1, 1931; he performed no police duty after the date of his injury.

The petitioner is the surviving widow of Herman Rumetsch. She seeks relief under the provisions of section 96, subdivision 2, of the Oakland city charter, which reads: "When a member of the Department shall die from causes other than those specified in Subdivision (1) of this section after ten years of service, then his widow, and if there be no widow, then his children, and if there be no widow or children, then his mother, if dependent upon him for support, shall be entitled to the sum of One Thousand (1,000) Dollars."

The single question involved in this proceeding is whether the word "service" as used in the foregoing paragraph implies merely membership in the department or whether it means the performance of services or duties as such member. The charter uses the word to convey both meanings. Section 95 provides that any member of the police department who has become physically disabled "may be retired from the department upon an annual pension" and that when his disability shall cease he shall be "restored to the service". Section 102, relating to the fire department, authorizes the trustees to "retire and relieve from service" any member of the age of fifty-five unfit for duty, and also to retire any member on his own request "who has served twenty-five years". Section 103 permits the retire-

ment of firemen disabled in the performance of duty and provides that when his disability shall cease "he shall be restored to the service". Section 94, relating to the police department, authorizes the trustees to "retire and *relieve from service*" any member sixty years of age found unfit for duty and to retire any member on his own request who has reached the age of sixty and who has been "an active member of the Department for twenty years". Section 33, subdivision 3, which relates to the pensioning of other employees, uses the expressions "ten years of continuous service" and "thirty years' service".

Throughout these sections relating to the police and fire departments we find the charter provides that, when a member is pensioned, he shall be "retired from the department" or retired and relieved "from service". Where the pension is on account of injury received in the course of duty the former expression is used; when it is on account of age or disability the latter is used. Here the husband of the petitioner was "retired from the department" because of injuries under section 95, and he was subject to be "restored to the service" under that section if his disability should cease.

There is no uncertainty as to the purpose of the entire pension plan. Retirement either voluntary or involuntary is permitted on account of age or infirmity after twenty years' active service, and, irrespective of the length of service, when a member is injured in the performance of duty. When a member is killed while in the performance of his duty his widow is entitled to a pension equal to one-half the salary paid the member. (Sec. 96 [1].) But if a member die from natural causes his widow is entitled to a pension of $1,000 provided the member shall have died "after ten years of service" (Sec. 96 [2]).

We are compelled to give effect to every word and clause used in the charter if possible. Words in a statute should not be construed as surplusage if a reasonable construction can be given them which will give them some force and meaning. Section 96 is clearly limited to the benefits passing to the widow and certain dependents. If the husband, after twenty years of active service, has been pensioned, the widow readily qualifies under subdivision 2 (*Kavanagh v. Board of Police Pension Fund Commrs.,* 134 Cal. 50 [66

Pac. 36]). If the husband is killed in the performance of his duty the widow qualifies under subdivision 1, irrespective of length of service. Under section 94 a member of the department not injured in the performance of his duties is not entitled to a pension unless he has served twenty years. Under section 95 a pension may be given for injuries in the course of employment without regard to length of service. The same general scheme is carried out with respect to firemen and their widows. To hold that the expression "ten years of service" means nothing more than ten years of membership is to hold that this clause adds nothing to the section.

We cannot escape the conclusion that the expression means just what the words imply—ten years of service as a police officer and that the same meaning would have been conveyed if the charter had used the words "served ten years"; that though one may be a "member" of the department for certain purposes while retired from duty and pensioned he is not during the period of retirement an "active member" or one performing "service" as such officer.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.