[Civ. No. 13198.   Second Dist., Div. One.—June 30, 1941.]

ROBERT H. LEWIS, Petitioner, v. CIVIL SERVICE BOARD OF THE CITY OF LONG BEACH et al., Respondents.

D. A. Boone and James T. Satchell for Petitioner.

THE COURT.—The petition for writ of mandate is denied, for the reason that the petition shows upon its face that it is premature, and that the civil service board is merely holding in abeyance the action which petitioner seems to think it may possibly take.

According to the petition herein, the charter of the city contains the provision that, ''The power of creating classifications of employees in the classified civil service shall be with the civil service board, subject to confirmation by the city council.'' In effect, petitioner argues that the civil service board threatens to abuse its power. From the terms of the charter itself, petitioner's remedy is an appeal to the city council, if and when such threat matures into action.

In other words, any action that might be taken by the civil service board with reference to the matter discussed in the petition for an alternative writ of mandate would be "subject to confirmation by the city council", as provided by said charter.

█ The petition on its face shows a conflict as to whether any action has at yet been taken by the civil service board, and further, the petition is deficient in that it does not show enough of the rules of the civil service board to enable us to determine which are applicable herein. However, section 10 of rule VIII of said board, as shown at the bottom of page 3 of Exhibit B attached to the petition herein, reads, "The provisions of this rule do not apply to promotion in the Police and/or Fire Department, as the same are provided for in Rules X and XII, respectively." Rules X and XII are not set out in said petition either in substance or effect. We believe this court is without power to grant said petition at this stage of the proceedings.

WHITE, J., Dissenting.—I dissent. In my opinion section 100 of the Long Beach city charter unequivocally declares that members of the fire department are in the "competitive" class of classified civil service employees, and at least inferentially provides that the promotional examinations mentioned in section 104 of the charter shall be competitive. In other words, that the determination of "merit, efficiency, character, conduct", shall be by competitive examination. The civil service board is not authorized to exercise any power not conferred upon it by the charter which creates it or not necessarily implied from the powers so conferred.

In the instant case, it appears from the verified petition that petitioner successfully passed a promotional examination for engineer in the fire department and was certified by the civil service board to the appointing power in the fire department, the latter of whom declared his intention to appoint petitioner to the vacant departmental position, but is restrained from so doing by action of the civil service board taken at its meeting on May 19, 1941, when it was voted that "promotional examinations and certifications be held in abeyance, and that the chief examiner be instructed to work out a method of holding promotional tests which would conform to the above court decision". The court decision referred to in

the minutes of the civil service board is *Haub* v. *Tuttle*, 80 Cal. App. 561 [251 Pac. 925]. In my opinion, this case is not applicable nor helpful in determining the powers of the board of the city of Long Beach, for the reason that the charter under consideration in the cited case did not contain the "competitive class" provisions found in the Long Beach charter.

I feel that petitioner is entitled to an alternative writ of mandate requiring the Civil Service Board of Long Beach to reinstate and put into effect the eligible list for promotions to the position of engineer in the fire department as such list was established by competitive examination conducted pursuant to the requirements of the city charter, and to certify the name of petitioner as being eligible for promotion to the existing vacancy in the position of fire department engineer, or to show cause before this court why such action is not taken.