[Civ. No. 13671.   First Dist., Div. Two.   Nov. 8, 1948.]

WILLIAM V. COTTER, Appellant, v. HARRY K. WOLFF et al., Respondents.

Frank A. Flynn for Appellant.

John J. O'Toole, City Attorney, and Bernard J. Ward, Jr., Deputy City Attorney, for Respondents.

NOURSE, P. J.—Petitioner appeals from the denial of his petition for a writ directing the civil service commission of San Francisco and its personnel director to give petitioner a further medical examination upon the standards set forth in section 145 of the municipal charter.

Petitioner is a discharged veteran and was rejected in an examination because of his failure to qualify under the physical standards adopted by the commission which are higher than those required for enlistment in the armed forces. Many objections to the physical examination as held are stated in the petition, a great number of other rejected applicants were permitted to intervene and three veterans' organizations were permitted to appear as amici curiae. ■ On appeal only one question is raised: Do respondents under section 145 of the charter have power to increase the physical standards of examination above those qualifying for enlistment in the armed forces?

Section 145 of the city charter (Stats. 1931, pp. 3062-3) provides in part as follows:

"All applicants for places in the classified service shall submit to tests, which shall be competitive and without charge

to the applicants. . . . The commission shall be the sole judge of the adequacy of the tests to rate the capacity of the applicants to perform service for the city and county. . . .

"Applicants for entrance positions in the uniformed forces of the fire and the police departments shall be not less than twenty-one years of age, nor more than thirty-five years of age at the time of appointment and shall have the physical qualifications required for enlistment in the United States Army, Navy and Marine Corps."

The single question raised must be answered in the affirmative. The charter section makes the respondent commission "the sole judge of the adequacy of the tests" to be given "all applicants for places in the classified service." The special portions relating to physical qualifications of applicants in the uniformed forces of the fire and police departments do not purport to fix the maximum or only physical requirements for such applicants. The expression "shall have" such physical requirements means nothing more than these simple words mean in their general and accepted usage. If it had been intended to limit the power of the commission in this respect it would have been a simple matter to have declared that the physical qualifications should be the same as those required by the United States Army, Navy and Marine Corps and nothing more. But the language used plainly gives those standards as minimum qualifications only and leaves to the commission full power to exercise its discretion as "sole judge of the adequacy of the tests" to comply with changing conditions of time and experience.

The case is in line with our recent decision in *Hunt* v. *Board of Chiropractic Examiners,* 87 Cal.App.2d 98 [196 P.2d 77], where we held that a statutory minimum requirement for licensees did not prevent the board from imposing new and additional requirements.

We have here a situation of frequent occurrence in the work of administrative agencies of this general character. The statute imposes certain duties upon the agencies and confers the power to make and enforce rules and regulations to aid in the performance of those duties. Unless rules enacted under such power are wholly unreasonable, arbitrary, or such a breach of discretion that they transcend the purpose for which the power was conferred, the court will not substitute its opinion or discretion for that of the administrative body. This is the accepted rule since *Cook* v. *Civil Service Commission,* 160 Cal. 589, 595 [117 P. 663], and followed

in a long line of cases cited in part and approved in *Nelson v. Dean*, 27 Cal.2d 873, 881 [168 P.2d 16, 168 A.L.R. 467]. Here the appellant does not contend that the rule requiring additional physical qualifications in the tests for positions in the fire and police departments is arbitrary, capricious, or unreasonable and hence there is no base upon which a court could anchor a ruling in appellant's favor.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 6, 1949. Carter, J., voted for a hearing.