[Civ. No. 16313.   First Dist., Div. Two.   June 21, 1955.]

ARTHUR R. WATERS, Respondent, v. CIVIL SERVICE BOARD OF THE CITY OF OAKLAND et al., Appellants.

John W. Collier, City Attorney, John W. Scanlon and Robert E. Nisbet, Deputy City Attorneys, for Appellants.

Harold J. Abraham for Respondent.

KAUFMAN, J.—This is an appeal from a judgment granting a peremptory writ of mandate commanding the civil service board of the city of Oakland to accept the application of petitioner Waters for examination for promotion from lieutenant to captain of police. The trial court found that the requirement of two years' experience in the grade of lieutenant as a prerequisite to eligibility for the promotional examination for the rank of captain was arbitrary and without authority in the charter of the city of Oakland.

Petitioner, Arthur R. Waters, was appointed as patrolman in the Oakland Police Department on October 16, 1940, and has since been a member of this department. He received an appointment to the position of lieutenant on March 1, 1952, where he was serving at the time this case arose.

On January 8, 1954, the civil service board, the appellants herein, announced that a promotional examination for the position of captain of police would be held on February 4, 1954. The final date for filing applications was January 26, 1954, at 4 p. m. The announcement stated that to be eligible to take the examination, applicants must have served in the rank of lieutenant for two years prior to February 4, 1954. Petitioner applied to take the examination on January 19, 1954, but his application was refused because he would not have completed the required two years' service as lieutenant until March 1, 1954, about 24 days after the date on which the examination was to have been given.

The examination which had been scheduled for February 4,

1954, has been indefinitely postponed because of the issuance of the injunction herein.

The sections of the charter of the city of Oakland which are pertinent to this case are as follows:

"Section 72. (As last amended in 1931) . . . The Board shall provide for an eligible list from which vacancies shall be filled, for a period of probation before employment is made permanent, and for promotion on the basis of merit, *experience* and record. .

"The Council, whenever requested by the Board, may by ordinance confer upon the Board such rights, duties and privileges other than those mentioned in this Charter, as may be necessary adequately to enforce and carry out the principles of Civil Service."

"Section 73. The Board shall make rules to carry out the purposes of this Article, and for examinations, appointments and promotions. All rules and all changes therein shall be forthwith printed by the Board for distribution."

"Section 77. The Board shall provide for promotion in the classified service on the basis of ascertained merit, seniority in service and standing upon competitive examination, and shall provide, in all cases where practicable, that vacancies shall be filled by promotion from among such members of the next lower rank established by the Board as submit themselves for such examination for promotion. The Board shall certify to the appointing power the names of not more than three applicants having the highest rating for each promotion."

"Section 91(c). Promotion in the Police Department shall be based on ascertained merit, seniority in service, and standing upon competitive examination. In all cases where practicable, vacancies shall be filled by promotion from among such members of the next lower rank, without physical examination or agility test, as present themselves for examination for promotion. Appointment to the lowest rank in the Department shall be made from those highest on the eligible list."

The pertinent civil service rules promulgated by the board are as follows:

"(a) They shall have served in the class of position, which has been declared by the Board to be in the line of promotion, for a period of time, computed under the provisions of Rule 105, of not less than that set forth elsewhere in these rules as the probationary period for any such class, except as pro-

.vided for promotional eligibility in the Police and Fire Departments, as set forth under paragraph (f).

"(f) Lines of Promotion:

"Law Enforcement (Police) Service

"3 Years as Patrolman.............To Sergeant of Police
"2 Years as Sergeant of Police......To Inspector of Police
"2 Years as Inspector of Police....To Lieutenant of Police
"2 Years as Lieutenant of Police.....To Captain of Police."

"Rule 56. Probationary Period. Any person who has accepted a regular appointment from an entrance eligible list shall be on probation for a period of one year from the date of regular appointment. Any person who has accepted a regular appointment from a promotional eligible list shall be on probation for a period of six months from the date of regular appointment. In computing the amount of time served by an employee for his probationary period, credit shall be given for all the time the employee has actually worked in the class, whether continuous or not . . ."

Appellants contend that it was within the rule-making power of the civil service board as provided by the charter of the city of Oakland, to prescribe a two-year period of service in the rank of lieutenant as a condition of eligibility for the position of captain of police. The Oakland charter establishes a complete system of civil service, and under its rule-making authority the board is possessed of broad discretionary powers. ▉ Rules promulgated by such a board will not be interfered with as long as they are reasonable and not arbitrary or capricious. (*Pratt* v. *Rosenthal,* 181 Cal. 158, 163 [183 P. 542].) The charter provisions are not intended to completely cover the civil service system, but they formulate a policy or standard which is carried out in detail by the board through its rule-making power.

In *Nelson* v. *Dean,* 27 Cal.2d 873 [168 P.2d 16, 168 A.L.R. 467], it is said that the rule-making power of such a board should not be narrowly prescribed, that the legislative function is to declare policy and fix a primary standard, and to confer on executive and administrative officers the power to carry out the details of the plan through administrative rules and regulations promoting the purposes of the legislation. So here, appellants say, a complete scheme of civil service has been established by the Oakland charter. In section 72, *supra,* the board is given the powers to provide (a) for an eligible list from which vacancies are to be filled, (b) for a period of probation before employment is made

permanent, and (c) for promotion on the basis of merit, *experience* and record. ▮ This section must be read together with section 77 which covers promotions generally in the civil service and section 91c providing for promotions in the police department. Both of these sections provide that promotions are to be made from the next lower rank on the basis of merit, seniority in the service, and standing upon competitive examination. These sections must be construed together so as to give effect to each. (*Haub* v. *Tuttle,* 80 Cal.App. 561 [251 P. 925] ; *Rumetsch* v. *City of Oakland,* 135 Cal.App. 267 [26 P.2d 677].) The rule-making power granted to the board by section 73 extends to carrying out the purposes of the charter and to examinations, appointments and promotions.

Appellants maintain that the promotional examination herein which prescribed two years' experience in the next lower rank as a condition of eligibility was fully in accord with all the above sections of the charter, and in no way violated any restriction contained therein. It conformed to the policy that promotion was to be from those in the next lower rank. That the people of Oakland had so declared their policy on promotion was settled in *Rhodehamel* v. *Civil Service Board,* 18 Cal.2d 709, 715 [117 P.2d 349]. The promotional examinations for the position of captain of police were to be rated on the basis of merit, seniority and standing on the competitive examination. There was testimony that when an applicant achieved a grade of 70 per cent on the written examination, then credit for seniority and efficiency would be tabulated into the score to secure his final grade for the promotional eligibility list.

Appellants cite *Cotter* v. *Wolff,* 88 Cal.App.2d 376 [198 P.2d 950], a case involving the San Francisco charter, in which it was held that the civil service commission of San Francisco, under its rule-making power, might require additional physical requirements to those set forth by the charter for members of the classified services. However, it is to be noted that the San Francisco charter clearly makes the standards contained therein, minimum standards only, and gives to the commission power to exercise its discretion as "sole judge of the adequacy of the tests" to comply with changing conditions. We find no similar provision in the Oakland charter.

There can be no question, however, that the civil service

board is given the express power by section 72 of the charter to provide for promotions on the basis of merit, *experience* and record. This power is of equal weight with the power given to the board to prescribe a period of probation. Appellants say that the requirement that a person shall have served in a lower rank for a given length of time in order to be eligible for promotion is a common one. (Field, Civil Service, Law, p. 132; vol. III, McQuillin, Municipal Corporations, 3d ed., §§ 12-13.) In the New York case of *In re Ricketts*, 111 App.Div. 669 [98 N.Y.S. 502], such an experience requirement was held valid and not violative of the constitutional provision that promotions in the civil service were to be based on merit and fitness. Respondent says that the New York case can be distinguished from the case herein by reason of the fact that the New York Civil Service Laws, 1899, page 803, chapter 370, section 13, subdivision 6, provided that a municipal civil service commission might refuse to examine an applicant who lacked any of the established preliminary requirements, and here the Oakland charter does not give the board such power, but as a matter of policy requires the board to prescribe one period of probation and nothing more.

We agree with respondent that only one period of probation may be prescribed before employment is made permanent in any rank, but it is difficult to see what connection there is between probation and promotion. The period of probation is to determine whether a person is fitted to hold the position which he has secured by entrance or promotional examination. Once he has satisfactorily completed that period, it is proof that he is competent to hold the position he then occupies. It has no bearing on whether he is competent to hold a position in the next rank above. A person may be able to serve satisfactorily as a lieutenant of police after six months' experience, the probationary period in that rank, and yet have much to learn about his duties in that very rank before he would be qualified to serve as captain in command of the ranks below.

Respondent does not dispute the reasonableness of the two years' experience requirement laid down by the commission, as they could not, in view of its general acceptance, but contend that the Oakland charter has strictly limited the power of the commission in providing for promotions, and if it wished to make an additional requirement for promotion, it should have asked the council to confer that right upon

it by ordinance, as it may request under section 72, *supra,* of the charter.

Respondent agrees that the policy established by the charter is that promotions are to be made on the basis of merit, *experience* and record, as well as seniority in service and standing upon competitive examination, citing sections 72, 77, and 91c thereof. (Emphasis ours.) That the condition prescribed for taking the examination for captain of police is an *experience* requirement cannot be disputed. That the board has power under section 72 to provide for promotion on this basis, a power of equal dignity with the power to provide for probationary periods, likewise cannot be disputed.

The only question, then, appears to be whether section 91c has so specifically provided for promotional examinations in the police department, that the two-year requirement is in conflict with that provision. We think not. That section again uses the language contained in section 77—the provision relating to the classified service generally—that promotions are to be based on "ascertained merit, seniority in service and standing upon competitive examination." It then provides that vacancies, when it is practicable, shall be filled from "such members of the next lower rank, without physical examination or agility test, *as present themselves for examination for promotion.*" (Emphasis ours.) But this section 91c does not in anywise prevent the board from making a rule that requires experience as a prerequisite for taking such an examination. We hold such a rule to be reasonable and within the power of the board to make. Sections 72, 73 and 77 all contemplate that the board may require experience before permitting an applicant to take a promotional examination. These sections must be read together with section 91c in construing the charter.

At the time of oral argument counsel for respondent suggested that the case might be moot for the reason that appellant previously had complied with the writ of mandate issued by the lower court.

However, the validity of the procedure followed by appellant under the charter of the city of Oakland is here in question and is of importance to appellant and to public employees, and would probably be relitigated until a final decision is given by the appellate court. A decision on the merits is therefore proper. (*Almassy* v. *Los Angeles County Civil Service Com.,* 34 Cal.2d 387, 390 [210 P.2d 503].)

We conclude that the trial court's holding that the

requirement of two years' experience in the grade of lieutenant as a prerequisite to taking the promotional examination was arbitrary and without authority, cannot stand.

Judgment granting peremptory writ of mandate reversed.

Nourse, P. J., concurred.

DOOLING, J.—I dissent. The question presented is purely one of statutory construction, and I am satisfied that the plain language of the Oakland charter gives to every person in the next lower rank who submits himself for a promotional examination the right to take such examination. Section 77 is the basic section dealing with promotions. It has been unchanged since the charter was originally adopted in 1911 (Stats. 1911, pt. 2, p. 1604) and provides: "The board . . . shall provide, in all cases where practicable, that vacancies shall be filled by promotion from among *such members of the next lower rank . . . as submit themselves for examination.*" (Emphasis mine.) Language could hardly be plainer that all members of the next lower rank who submit themselves for that purpose are entitled to take the promotional examination.

The language of section 77 applies to all promotional examinations covered by the Oakland Civil Service. In 1943 section 91c was added to the charter. (Stats. 1943, p. 3322.) It deals exclusively with the police department and reenacts, with regard to promotional examinations in that department, the exact language above quoted from section 77, that "vacancies shall be filled by promotion from among such members of the next lower rank . . . as present themselves for examination for promotion."

The express provisions of the charter clearly give the right to take the promotional examination to all members of the next lower rank who present themselves. This being so, the rule attempting to limit the right expressly granted by the charter is void. (*Bruce* v. *Civil Service Board,* 6 Cal.App.2d 633 [45 P.2d 419].)