[Civ. No. 1233. Second Appellate District.—February 21, 1913.]

## CLEMENTE GUZZI et al., Appellants, v. A. McALISTER et al., Respondents.

INTOXICATING LIQUORS—LICENSE TO SELL—DISCRETION OF CITY COUNCIL TO ISSUE.—Where, under the provisions of section 11 of article XI of the constitution authorizing cities to make police regulations, a city enacts ordinances to the effect that any person desiring to retail intoxicating liquors must procure a license, and that no license shall issue until a petition is presented to the city council setting forth the names of the applicants, the character and location of the business, etc.; and that if the board finds that the applicants are not persons of good moral character, and that the proposed location is not a suitable one, the petition shall be denied, the question whether or not a liquor license shall be issued is entirely under the control of the council. If in its opinion the public welfare demands that no license for the sale of liquor be granted, for a good and sufficient reason, at the particular place, or to the particular persons applying therefor, it is not within the province of the courts to determine otherwise.

ID.—POWER TO REGULATE TRAFFIC IN LIQUORS.—The sale of spirituous liquors is a traffic and business to be regulated under the police power.

ID.—VESTED RIGHT TO ENGAGE IN LIQUOR BUSINESS.—There is no vested right in any one to engage in such traffic and business.

ID.—APPLICATION FOR LICENSE—NAME OF APPLICANTS.—An application to a city council for a license to retail intoxicating liquors, signed "Guzzi Bros., by C. Guzzi," is insufficient under an ordinance requiring applications for liquor licenses to state the names of the applicants.

ID.—MANDAMUS TO ISSUE LICENSE—TENDER OF FEE.—*Mandamus* to compel a city council to grant a liquor license will not issue, when there is no allegation of tender or payment of the license fee which by ordinance is made a condition precedent to the issuance of a license.

ID.—TITLE OF ORDINANCE—WHEN EXPRESSES SUBJECT OF ACT.—An ordinance entitled: "Relating to regulating and licensing the business of selling and furnishing of spirituous, vinous and malt liquors in the city of San Luis Obispo"; and an ordinance entitled: "An ordinance to amend sections 12, 13, and 15 of ordinance No. 128, relating," etc., express in their titles the subject matter thereof as required by subdivision 4 of article 6 of the charter of San Luis Obispo.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, denying a writ of mandate. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Thomas Rhodes, for Appellants.

T. A. Norton, City Attorney, for Respondents.

ALLEN, P. J.—This is an appeal from the judgment of the superior court of San Luis Obispo County denying a writ of mandate. Petitioners on March 15, 1912, made application to the mayor and councilmen of San Luis Obispo, for a license to sell spirituous liquors in said city, signing such application "Guzzi Bros., by C. Guzzi." On the twenty-ninth day of March following the city council, by a resolution duly passed, determined that petitioners were not suitable persons to keep and conduct a saloon, and their application was denied. It appears from the record that a firm known as Guzzi Brothers had for several years immediately preceding March, 1912, been engaged in the retail liquor business in said city. This proceeding was instituted to compel said council, under the ordinances of said city, to issue the license applied for. The city of San Luis Obispo, under the provisions of section 11 of article XI of the state constitution, possesses the power to make and enforce all local, police, and other regulations not in conflict with general laws. Pursuant thereto, the council enacted an ordinance, No. 128, entitled: "Relating to regulating and licensing the business of selling and fur-

nishing of spirituous, vinous and malt liquors in the city of San Luis Obispo,'' and subsequently, on the fifteenth day of December, 1911, amended said ordinance by ordinance No. 15 (N. S.), which was entitled: "An ordinance to amend sections 12, 13 and 15 of ordinance No. 128, relating,'' etc. These ordinances, in effect, provided that any person desiring to enter into the business of retailing intoxicating liquors must procure a license, and that no licenses shall be issued until a petition is presented to the city council, setting forth the names of the applicants, character, and location of business, etc. They further provide that if the board finds that the applicants are not persons of good moral character, and are not sober and suitable persons to conduct the place, or that the proposed place for carrying on such business is not a suitable place therefor, it shall deny the petition. Section 15 restricts the number of retail licenses to 15, providing, however, that all persons holding retail liquor licenses at the time the ordinance goes into effect shall be entitled to a preference in the issuance of licenses, and shall be entitled to have their licenses renewed, but the holders of such licenses shall petition the council for a license under the ordinance, and the council may grant or refuse the same, as in section 13 provided.

We are of opinion that under the constitution and the ordinance the question as to whether or not a license should be issued for the purpose of retailing spirituous liquors in the city is one entirely under the control of the city council. The sale of spirituous liquors is a traffic and business to be regulated under the police power conferred by the constitution. There is no vested right in any one to engage in such traffic and business. This has been so repeatedly held that it is unnecessary to cite authorities in support thereof. If, in the opinion of the city council, the public welfare demanded that no license for the sale of liquor be granted, for a good and sufficient reason, at the particular place, or to these particular persons, it is not within the province of the courts to determine otherwise. The application here, or petition, as it may be termed, for the issuance of a license, is not in conformity with the ordinance, the individuals composing the firm making the application not being disclosed. This of itself, under the ordinance, would have been a sufficient rea-

son for denying the application; in addition to which, the ordinance requires the payment of a license fee. There is no allegation of any payment or tender of such fee, a condition precedent to the issuance of a license, and without which payment a court would not make any order in the premises.

We see no merit in the various contentions with reference to irregularity in the ordinances. They seem to have been properly enacted and the subject clearly expressed in the title, as by subdivision 4 of article VI of the charter of the city of San Luis Obispo required.

We are of opinion that the superior court properly sustained the demurrer to the petition, and that its judgment in denying the writ should be affirmed; and it is so ordered.

James, J., and Shaw, J., concurred.