[S. F. No. 6757. In Bank.—February 13, 1915.]

JOHN R. MAXWELL, Appellant, v. CIVIL SERVICE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

PUBLIC OFFICERS—SAN FRANCISCO—EXAMINATION BY CIVIL SERVICE COMMISSION—PROMOTION IN FIRE DEPARTMENT—EXAMINATION BY PHYSICAL TESTS DISCRETIONARY.—Under section 4 of article 13 of the charter of the city and county of San Francisco, providing that all applicants for places in the classified civil service shall be subjected to examination, and that such examination shall include, "when appropriate," tests of physical qualifications, the determination whether physical tests are appropriate in the case of applicants for promotion in the fire department of the city and county rests in the sound discretion of the civil service commission.

ID.—ASSISTANT CHIEF ENGINEERS—CLASSIFICATION AS SINGLE OFFICE.—Under the provisions of the charter, the civil service commission,

for the purpose of providing an eligible list from which to certify the names of persons to fill vacancies in the offices of first assistant chief engineer and second assistant chief engineer, the examination for which positions were necessarily the same, had discretionary power to include both of such officers in the same classification for the purposes of an examination for promotion in the fire department from the rank of battalion chief, notwithstanding the salaries attached to such offices varied in amount.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Herbert Choynski, John T. Williams, Allen G. Wright, and Edgar D. Peixotto, for Appellant.

Percy V. Long, City Attorney, and Maurice T. Dooling, Jr., Assistant City Attorney, *Amici Curiae,* also for Appellant.

William A. Kelly, John J. O'Toole, Sullivan & Sullivan and Theo. J. Roche, for Respondents.

THE COURT.—In this action a demurrer to the complaint was sustained and judgment was thereupon entered for the defendants, from which the plaintiff appeals.

The plaintiff, as a taxpayer of San Francisco, sued to enjoin the civil service commission of the city from holding an examination for promotion in the fire department. The members of the commission are joined as defendants. It is alleged that the commission intends to hold such examination without including as part of it any tests of physical fitness or health of the persons applying to be examined. The claim is that the city charter requires such tests to be made a part of the examination, that the commission is without power or discretion to have such examination held without including these tests, and that it would needlessly and illegally expend the public funds if it did so.

In classifying the civil service of the city and in organizing the fire department, the officers of that department ranking above superintendents of engines are divided into four classes or ranks, namely: 1. Chief engineer; 2. First assistant chief engineer; 3. Second assistant chief engineer; 4. Battalion

chiefs. The chief engineer is not selected under the civil service rules. The officers ranking below him must be so selected.

The two offices of first assistant chief engineer and second assistant chief engineer became vacant and notice of that fact was given to the civil service commission. The charter provides that upon receiving notice that a place is vacant, the commission shall certify to the appointing officer the names of one or more persons, not exceeding three, standing highest on the eligible list for the office to be filled, from which persons the appointment to the place shall be made by the appointing officer. (Art. 13, secs. 9 and 10.)

For the purpose of providing an eligible list from which to certify the names of persons to fill the said places, the commission thereupon, as provided in section 6 of article 13 of the charter, gave notice that at a time and place mentioned "an examination for promotion in the fire department from the rank of battalion chief to the rank of assistant chief engineer" would be held by the commission.

Section 2 of article 13 provides that the civil service commission shall classify "all the places of employment in or under the offices and departments of the city and county" which the charter has put under civil service regulations, which places "shall constitute the classified civil service of the city and county, and no appointment to any place shall be made except under the rules hereinafter mentioned and the rules adopted thereunder by the civil service commission."

Section 4 of article 13 is as follows:

"All applicants for places in the classified civil service shall be subjected to examination, which shall be public, competitive and free. Such examinations shall be practical in their character, and shall relate to those matters only which will fairly test the relative capacity of the persons examined to discharge the duties of the positions to which they seek to be appointed, and shall include, when appropriate, tests of physical qualifications, health, and of manual or professional skill."

While it cannot be denied that physical fitness and health are prime requisites for a fireman, whatever his work in the service, it does not follow that in all examinations, those to determine the fitness of applicants for promotion, as well as those having for their object the selection of eligible men for

entry into the department, there should be included tests of physical qualifications and health.   Section 4 of article 13, quoted above, does not require physical tests in all cases or even in any specifically defined cases.   Such tests are to be included "when appropriate."   It would seem that under this language, the decision whether physical tests are appropriate is committed to the civil service commission, and that it is difficult to say, in any particular case, that the appropriateness is so clear and obvious that a court would be justified in controlling the determination of the board.   But, if we say that physical tests are essential to an original appointment as fireman, must we not say, inasmuch as all men in active service have presumably satisfied the physical tests, the board might reasonably conclude that further or repeated physical tests were not "appropriate" when the question of promotion only was involved?   Courts should let administrative boards and officers work out their problems with as little judicial interference as possible.   They may decide a particular question wrong—but it is their question.   Such boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere.

It was held by the learned judge of the superior court that section 4 of article XIII applies only to original applicants for places and not to those seeking promotion.   It is not necessary to determine whether or not such distinction exists.   Assuming that examinations for promotion must conform to the requirements of section 4, the determination whether physical tests are appropriate, rests in the sound discretion of the commission—a discretion which might fairly be exercised one way in the case of original appointments and the other way if promotion only were involved.

Appellant contends that the commission was mistaken in its classification of the positions for which examinations were to be held.   This question was correctly decided by the learned judge of the superior court in his written opinion as follows:

"It is further urged by the plaintiff that in providing for the examination in question the commission made an erroneous classification in this: that it provided for examination from the rank of battalion chief to the rank of assistant engineer, whereas, in fact, the first assistant engineer and the second assistant engineer are of independent grade, and the examination should be held separately for each of such posi-

tions, and cites the fact that the first assistant engineer is given by the charter a salary of three thousand dollars per annum, while the salary of the second assistant engineer is twenty-four hundred dollars per annum.

"Upon the matter here involved the charter is uncertain. It nowhere in express language creates the position of assistant engineers or defines their duties or prescribes their number. The first mention of such an officer is in the section providing that the board of fire commissioners shall appoint a chief engineer, in which it is recited that it shall be his duty, and that of the 'assistant chief engineers' to see that all laws concerning the fire department are enforced. The next reference is in this language: 'The chief engineer, or in his absence the assistant chief engineers' may during a conflagration order buildings to be removed. Again it is provided that the 'chief engineer and assistant chief engineers' shall be members of the board of fire wardens. The next and last time they are named is in the section declaring the salaries of the officers of the department, in which is found the only reference to the number of, or to any distinction between assistant chief engineers and is in these words: 'First assistant chief engineer three thousand dollars. Second assistant chief engineer, twenty-four hundred dollars.'

"While difference in salary may be considered with other elements in determining whether two persons are of the same rank, it is not conclusive, even, I believe, where they are engaged in the same field of employment. Rank depends as well upon the duties to be performed, and upon the language creating the positions. The examinations for both places would necessarily be alike, the duties of each officer being similar. If the examination must be confined to the position of second assistant engineer, there never can be held a competitive examination for the position of first assistant engineer; for in the event of a vacancy in that place, it must be filled by promotion from the next lower rank, and that would mean necessarily the elevation of the man who held it; which would be contrary to the spirit of the charter. . . .

"At any rate, the examinations for the positions being necessarily the same, I am of the opinion that the classification as made was within the discretion of the board."

The judgment is affirmed.

Rehearing denied.