[Civ. No. 6430. Third Appellate District.—February 21, 1941.]

ANTON E. HANSEN, Appellant, v. STATE BOARD OF EQUALIZATION et al., Respondents.

Ralph O. Marron and Robert M. Holstein for Appellant.

Earl Warren, Attorney-General, and J. Albert Hutchinson Deputy Attorney-General, for Respondents.

TUTTLE, J.—This is an appeal from the judgment rendered in favor of respondents upon the sustaining of a demurrer to the amended petition of appellant for a writ of mandate, requiring respondents to issue an off-sale distilled spirits license and other licenses described in the Alcoholic Beverage Control Act of the State of California. . (Stats. 1935, chap. 330, as amended; Deering's Gen. Laws, [1937] Act 3796.)

The original petition was amended after a demurrer thereto was sustained. The demurrer to the amended petition was sustained without leave to amend. Permission to further amend was not requested by appellant.

The individual respondents are members of respondent State Board of Equalization, and are made parties in their official capacity. We shall refer herein to the respondents as the Board.

We do not deem it necessary to give an extended summary of the amended petition. Respondents concede that it sets forth all the formal procedural steps required by the statute mentioned. It is further alleged that a public hearing was held by the Board in connection with the application. A copy of the testimony taken at such hearing was made part of the petition, and was thus brought before the trial court on demurrer. The factual situation, from the record, appears to be as follows:

The premises for which the licenses were sought are described as in a business district of Pacific Grove, five blocks from the nearest school and five hundred feet from the nearest church, which is maintained in a Salvation Army meeting hall. Appellant was either a lessee or permittee of the premises, the property belonging to a third person, and proposed to deal in alcoholic beverages exclusively.

No alcoholic beverage business has ever been maintained in Pacific Grove, and all property in the city has been conveyed to its present owners subject to restrictive covenants running with the land against the use of any of such property for the business of manufacturing or vending alcoholic beverages; these restrictions are still effective and have been enforced since a time prior to the establishment of the city of Pacific Grove; and an organization known as the Pacific Grove Retreat Association has existed since June 1, 1875, for the express purpose of preserving and enforcing such restrictions upon the use of the real property within the city.

The city itself was originally conceived and laid out as a religious camp meeting ground by the Methodist Church; a considerable number of the persons residing in Pacific Grove have moved to that city because of the nature of the community.

It was stipulated at the hearing that the city was an outstanding recreational center for children and young adults; that parents and children had made their home in Pacific Grove because of this unusual recreational development and the general moral tone of the city. There is no industry in the city, and no adjacent agricultural industry, the entire city being a purely residential area. The city is comparatively free of crime, particularly crimes involving drunkenness. The city maintains and operates a high school for special instruction during the summer months, at which at-

tend a considerable number of persons of high school age, including a goodly number from outside of the city and the state, and those who come from outside of the city are in the main without chaperonage or adult attendance during the summer school course.

The persons who participated in the protest and hearing were the officials and leading citizens of said city. The protest was presented upon the official and formal resolution of the city council.

Appellant contends that the petition shows that the Board, in refusing to grant the license, acted arbitrarily, wilfully, and without cause. Section 22, article XX of the Constitution of California, provides as follows:

" . . . The State Board of Equalization shall have the exclusive power to license the manufacture, importation, and sale of intoxicating liquors in this State, and to collect license fees or occupation taxes on account thereof and shall have the power, in its discretion, to deny or revoke any specific liquor license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals. . . . "

■ The cases relied upon by appellant lay down the well recognized rule that *mandamus* will issue to correct an abuse of discretion, if the case is otherwise proper. (*Tulare Water Co.* v. *State Water Com.,* 187 Cal. 533 [202 Pac. 874].) On the other hand—as stated in 16 California Jurisprudence, page 809, section 28:

"It is a familiar rule governing the issuance of the writ of mandate that an officer in whom public duties are confided by law is not subject to the control of the courts in the exercise of the judgment and discretion which the law reposes in him as a part of his official functions."

■ In an attack of this character, upon a finding and order of an administrative board, the attitude of a reviewing tribunal is well expressed in the following language found in the case of *Maxwell* v. *Civil Service Com.,* 169 Cal. 336–339 [146 Pac. 869]:

"Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. They may decide a particular question wrong—but it is their question. Such boards are vested with a high

discretion and its abuse must appear very clearly before the courts will interfere.''

██ It must be borne in mind here that—

''Unlike the rule with respect to the right to deal in ordinary commodities considered in the numerous cases cited and relied upon by respondent, there is no inherent right in a citizen to sell intoxicants (*Ritz* v. *Lightston,* 10 Cal. App. 685 [103 Pac. 363]; *Foster* v. *Board of Police Commissioners,* 102 Cal. 483 [37 Pac. 763, 41 Am. St. Rep. 194])''; (*State Board of Equalization* v. *Superior Court,* 5 Cal. App. (2d) 374–377 [42 Pac. (2d) 1076].)

In the case of *Guzzi* v. *McAlister,* 21 Cal. App. 276–278 [131 Pac. 336], the court stated,—concerning an alcoholic beverage license under a city ordinance with provisions somewhat similar to the constitutional provisions here under consideration:

'' . . . If, in the opinion of the city council, the public welfare demanded that no license for the sale of liquor be granted, for a good and sufficient reason, at the particular place, or to these particular persons, it is not within the province of the courts to determine otherwise.''

██ The constitutional provisions mentioned above are designed to give the Board broad discretionary powers in the matter of granting or refusing to grant licenses of this character. Whether or not ''good cause'' for the denial of the license existed, was a matter for determination by the Board, and not by the courts. We cannot agree with the contention of appellant that ''the purpose of the Alcoholic Beverage Control Act is clearly to permit any qualified person desiring to secure a license for the sale of alcoholic beverages to secure such license provided he and the premises for which the license is sought meet the requirements of the Act and the rules and regulations which the Board is by the provisions of the Act empowered to promulgate''. Such a rule would deprive the Board of any discretion whatever, and would be in direct conflict with the Constitution. We are satisfied the petition shows that the Board had before it ample evidence to justify a finding that there was good cause for the denial of the license upon the ground that the granting of the same would be contrary to public welfare.

We find no abuse of discretion upon the part of respondents, and accordingly, the judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.