[Civ. No. 14405.   First Dist., Div. Two.   Apr. 6, 1951.]

LEONARD T. HART et al. Appellants, v. PHILIP F. LANDIS et al. Respondents.

Frank J. Comaich and John F. O'Sullivan for Appellants.

Dion R. Holm, City Attorney, A. Dal Thomson, Public Utilities Counsel, and Bernard J. Ward, Deputy City Attorney, for Respondents.

DOOLING, J.—During the late war a section was added to the charter of the city and county of San Francisco numbered 145.1 and reading in part as follows:

"When in time of war . . . eligibles are not available for appointment from registers established through the regular examination procedure . . . the civil service commission may qualify applicants for wartime appointments to entrance positions through informal and non-competitive tests. . . .

Appointments made under the provisions of this section shall be designated 'limited tenure appointments' and may continue only until registers of eligibles are established through the regular examination procedure. . . . Persons serving under limited tenure appointments . . . shall by reason of such service acquire no right or preference to permanent civil service status . . . which is conferred on persons completing probationary appointments made from lists of eligibles established through the regular examination procedures. . . .'' (Stats. 1943, p. 3132.)

Pursuant to the authority conferred by this section many persons were given limited tenure appointments as motormen, conductors and bus operators in the San Francisco municipal railroad system. Thereafter the San Francisco Civil Service Commission held a series of regular civil service examinations for these positions and those holding limited tenure appointments were superseded in their positions by the eligibles on the registers resulting from these examinations. Many of the eligibles on these registers were persons already holding limited tenure appointments and the practice in such cases was to give each such eligible when his name was reached a regular probationary appointment to the same position which he was then occupying under a limited tenure appointment. This resulted in actual continuity of service, although with a change in status commencing with each such person's appointment from the regular civil service register.

It is the practice established by rule of the San Francisco Public Utilities Commission to give to the men holding positions as conductors, motormen and bus drivers a priority in the choice of carbarns, runs and vacation periods based upon length of service. Where persons holding limited tenure appointments were appointed from regular registers ''to succeed themselves'' in the same positions the public utilities commission determined to count the period of their service under limited tenure appointments in fixing the total length of their service for the purpose of determining this priority of choice.

Plaintiffs are. men holding similar positions in the municipal railway system by regular civil service appointment whose priority of choice of runs etc. is adversely affected by thus crediting to those formerly holding limited tenure appointments the time served by them under such appoint-

ments and they sought by writ of mandate to compel the public utilities commission to discontinue this practice. From a judgment denying the writ plaintiffs have appealed.

■ It is appellants' position that under the charter the priority of choice of runs, etc., must be based solely upon the time served as regular civil service employees. They admit that they can point to no provision of the charter which expressly so provides. However they rely on long established practice dating back to the establishment of the municipal railway.

They point also to the amendment of the charter in 1940, section 125, which provides:

"Conductors and motormen may be assigned to duty as bus operators . . . Such assignment shall be governed by seniority of service. . . ." (Stats. Extra Sess. 1940, p. 202.)

This recognizes the right to preference in *assignment to duty* as bus operators based on *seniority of service*. It says nothing about choice of runs, etc.

Appellants also point to the amendment to section 125 of the charter under which employees of the Market Street Railroad were "blanketed in" with equality of rights when that system was acquired by the city and county (Stats. 1931, pp. 3049-3050) and to the mayor's proclamation at that time giving Market Street Railway employees equal seniority rights to compensation and runs (see *Mullins* v. *Henderson,* 75 Cal.App.2d 117, 120-121 [170 P.2d 118]).

The difficulty with all of these arguments is that they seek to read into the charter language which cannot be found therein. Nowhere does the charter contain any provision giving municipal railway employees a choice of barns, runs or vacations based on seniority of service as civil service employees.

In the management of the municipal railway the public utilities commission necessarily has a wide discretion except where expressly circumscribed by the charter. The classic statement of the rule applicable to such commissions is found in *Maxwell* v. *Civil Service Commission,* 169 Cal. 336, 339 [146 P. 869]:

"Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. . . . Such boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere."

This quotation echoes through the reports again and again.

(*Nelson* v. *Dean,* 27 Cal.2d 873, 881 [168 P.2d 16, 168 A.L.R. 467] ; *Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303, 315 [144 P.2d 4] ; *Mann* v. *Tracy,* 185 Cal. 272, 274 [196 P. 484] ; *Pratt* v. *Rosenthal,* 181 Cal. 158, 164 [183 P. 542] ; *Conroy* v. *Civil Service Com.,* 75 Cal.App.2d 450, 457 [171 P.2d 500] ; *Hansen* v. *State Board of Equalization,* 43 Cal.App.2d 176, 179 [110 P.2d 453].)

In the absence of a controlling charter provision to the contrary the basis of choice of runs, etc., is an administrative problem and we cannot find an abuse of discretion in the recognition of the actuality of service performed by persons serving under limited tenure appointments prior to their becoming civil service employees for the purpose of determining such priority of choice under the rule adopted by the public utilities commission.

Judgment affirmed.

Nourse, P. J., and Schottky, J. pro tem., concurred.