[Sac. No. 7040. In Bank. May 26, 1959.]

THOMAS W. MARTIN, as Director of the Department of Alcoholic Beverage Control, Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant; HELEN M. RICHARDS, Appellant.

Richard tum Suden for Appellant.

Charles P. Just, Chief Counsel, Alcoholic Beverage Control Appeals Board, as Amicus Curiae on behalf of Appellant.

Edmund G. Brown and Stanley Mosk, Attorneys General, E. G. Funke, Assistant Attorney General, and William T. Chidlaw, Deputy Attorney General, for Respondent.

SPENCE, J.—This is an appeal by Helen M. Richards (hereinafter called the applicant) from a judgment of the trial court ordering the issuance of a writ of mandate directing the Alcoholic Beverage Control Appeals Board (hereinafter

called the Appeals Board) to issue its decision affirming the order of the Department of Alcoholic Beverage Control (hereinafter called the Department) denying the applicant's application for an on-sale beer license. ■ As the Appeals Board had reversed the order of the Department, the Appeals Board could have appealed from the judgment of the trial court directing it to affirm the Department's order. (*Koehn* v. *State Board of Equalization,* 50 Cal.2d 432 [326 P.2d 502].) It did not do so but nevertheless, it has filed an amicus curiae brief in support of the applicant's appeal.

Before turning to the factual background of this litigation, we will direct our attention to the several procedural questions which have been raised by the parties. These procedural questions arise out of the amendment in 1954 of article XX, section 22, of the Constitution. That amendment created two new constitutional agencies, the Department of Alcoholic Beverage Control and the Alcoholic Beverage Control Appeals Board—and prescribed the powers of each.

With respect to the powers of the Department, the 1954 amendment provided: "The Department of Alcoholic Beverage Control shall have the exclusive power, except as herein provided and in accordance with the laws enacted by the Legislature, to license the manufacture, importation and sale of intoxicating liquors in this State, and to collect license fees or occupation taxes on account thereof. The department shall have the power, in its discretion, to deny, suspend or revoke any specific liquor license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals, or that a person seeking or holding a license has violated any law prohibiting conduct involving moral turpitude. . . ."

Concerning the powers of the Appeals Board, the 1954 amendment provided: "When any person aggrieved thereby appeals from a decision of the department ordering any penalty assessment, issuing, denying, transferring, suspending or revoking any license for the manufacture, importation, or sale of intoxicating liquor, the board shall review the decision subject to such limitations as may be imposed by the Legislature. In such cases, the board shall not receive evidence in addition to that considered by the department. Review by the board of a decision of the department shall be limited to the questions whether the department has proceeded without or in excess of its jurisdiction, whether the department

has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record. In appeals where the board finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the department it may enter an order remanding the matter to the department for reconsideration in the light of such evidence. In all other appeals the board shall enter an order either affirming or reversing the decision of the department. When the order reverses the decision of the department, the board may direct the reconsideration of the matter in the light of its order and may direct the department to take such further action as is specially enjoined upon it by law, but the order shall not limit or control in any way the discretion vested by law in the department. Orders of the board shall be subject to judicial review upon petition of the director or any party aggrieved by such order.''

The portion of the 1954 amendment defining the powers of the Department was cast in language similar to that previously used in defining the constitutional powers of the State Board of Equalization with respect to liquor control. (Const., art. XX, § 22, as amended Nov. 6, 1934.) In *Covert v. State Board of Equalization*, 29 Cal.2d 125 [173 P.2d 545], we compared the constitutional powers of the Board of Equalization to ''those of a local administrative tribunal'' having quasi-judicial functions rather than those of a statewide administrative agency created by statute; and we outlined the limited nature of the judicial review of decisions of the State Board of Equalization. (Pp. 131-132.) The portion of the 1954 amendment defining the ''limited'' powers of the Appeals Board was cast in language quite similar in part to that used in section 1094.5 of the Code of Civil Procedure with respect to the limitations on judicial review of the decisions of those administrative agencies where the court was not authorized to ''exercise its independent judgment on the evidence.''

In emphasizing the nature of the relative powers and functions of the Department and the Appeals Board, the language of the 1954 amendment makes it abundantly clear that the Department has ''the exclusive power, . . . to license . . . [and] in its discretion, to deny, suspend or revoke'' any license. Then after defining the ''limited'' powers of the

Appeals Board, it further provides that no order of the Appeals Board shall "limit or control in any way the discretion vested by law in the department." In expressly limiting the powers of the Appeals Board, it was provided that "the board shall not receive evidence in addition to that considered by the department," and that "Review by the board of a decision of the department shall be limited" to questions such as excess of jurisdiction by the Department and the sufficiency of the evidence and findings to support the decision of the Department. Ordinarily, the Appeals Board may enter only "an order either affirming or reversing the decision of the department," depending upon its determination of the above-mentioned questions. One further power is given the Appeals Board, however, for "In appeals where the board finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the department it may enter an order remanding the matter to the department for reconsideration in the light of such evidence." This additional power is not involved here, as there was no claim of newly discovered evidence or of improperly excluded evidence, and the Appeals Board made an order of reversal rather than of remand to the Department. Nor is any question presented here of the impact of any legislative enactments upon the powers of the Appeals Board, as section 23084 of the Business and Professions Code merely enacts in statutory form the same provisions for "limited" review by the Appeals Board as are found in the 1954 amendment.

None of the parties seriously questions the propriety of mandamus as the judicial remedy to be pursued under the constitutional provision that "Orders of the board shall be subject to judicial review upon petition of the director or any party aggrieved by such order." The parties are, however, widely at variance in their contentions with respect to the question of the nature of that review, the question of whether it is the decision of the Department or of the Appeals Board which is to be judicially reviewed, and the question of the correctness of the decisions made here by the Department and the Appeals Board in the light of their respective powers and functions.

The applicant contends that it is the decision of the Appeals Board which is subject to judicial review; that the Appeals Board is "empowered to exercise full discretion in passing upon the matter submitted for its decision"; that the Ap-

peals Board "was invested with complete power to review the entire record and was free to draw its own conclusions from the conflicting evidence in the record and, in the exercise of its independent judgment in the matter, affirm or reverse the decision of the Beverage Department, or remand the matter for the taking of additional evidence." The applicant therefore takes the position that "the trial court should have reviewed the entire record and ascertained if there was substantial evidence in support of the decision of the Appeals Board rather than in support of the decision of the Beverage Department—that it is the decision of the Appeals Board that is subject to judicial review and not the decision of the Beverage Department."

The Department, on the other hand, contends that "it is the decision of the Department that is reviewed"; that the Department, rather than the Appeals Board, is vested with discretion in licensing matters and has the power to make final determinations of fact, which are subject to review only if such findings are not supported by substantial evidence; and that "the Appeals Board may not exercise its independent judgment on the evidence."

The contentions of the Appeals Board differ somewhat from those of either the applicant or the Department. It takes the position "that it is the decision of the Appeals Board that is subject to judicial review and not the decision of the Department"; and while the Appeals Board does not appear to contend that it may exercise a wholly independent judgment on the evidence or that it may make findings of fact on conflicting evidence contrary to those made by the Department, it stresses its power to determine whether the Department's findings "are supported by substantial evidence in the light of the whole record" and suggests that this language gives to the Appeals Board somewhat greater power than that vested in an appellate court in reviewing the findings of a trial court under the so-called "substantial evidence" rule. It is mainly upon this basis that the Appeals Board seeks to sustain its decision in the present case and to support the applicant's appeal from the judgment of the trial court.

 Considering first the question of whether it is the decision of the Appeals Board or the decision of the Department which is subject to review by mandamus, we are of the opinion that in cases such as the present one in which the Appeals Board has reversed the Department, the judicial review is necessarily directed at the decision of the Appeals

Board. This is made clear by the 1954 amendment, which provides that "Orders of the board shall be subject to judicial review upon petition of the director or any party aggrieved by such order." It was the director who instituted the judicial proceeding here, which was properly directed against the decision of the Appeals Board. It is true that section 24301 of the Business and Professions Code provides for judicial review of orders of the Department in the following terms: "Subject to the provisions of Section 22 of Article XX of the Constitution, any ruling, order, or decision of the department is subject to review as provided by law in any court of competent jurisdiction in the county in which the person affected resides." It is further true that mandamus proceedings have been directed in many cases against the Department, with or without the joinder of the Appeals Board. (*Schaub's Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 858 [315 P.2d 459]; *Brice* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 315 [314 P.2d 807]; *Molina* v. *Munro,* 145 Cal.App.2d 601 [302 P.2d 818]; *Wright* v. *Munro,* 144 Cal.App.2d 843 [301 P.2d 997]; *Griswold* v. *Department of Alcoholic Beverage Control,* 141 Cal. App.2d 807 [297 P.2d 762].) But in all the cited cases, the Appeals Board had affirmed the Department. Thus in those mandamus proceedings, it was the adverse decision of the Department, as affirmed by the Appeals Board, which was being challenged by the aggrieved applicant or licensee. In this mandamus proceeding, it was the adverse decision of the Appeals Board reversing the Department which was being challenged by the Department. Nothing in said section 24301 could possibly affect the constitutional right of "the director or any party aggrieved" by the reversal of the Department by the Appeals Board from seeking judicial review of such reversal. We therefore conclude that the judicial review here was properly directed at the decision of the Appeals Board reversing the decision of the Department. In this connection, however, it would appear obvious that any judicial determination of whether the Appeals Board had exceeded its "limited" powers would incidentally require a review of the decision of the Department and of the record upon which the Department's decision had been based.

The other procedural questions arise out of the conflicting contentions of the parties concerning the respective powers and functions of the Department and the Appeals

Board. In the light of the provisions of the 1954 amendment vesting in the Department "exclusive power" to issue, deny, suspend or revoke licenses "in its discretion" and the further provisions thereof denying to the Appeals Board any power to "limit or control in any way the discretion vested by law in the department," we find wholly untenable the applicant's claim that the Appeals Board was thereby "empowered to exercise full discretion" and to exercise "its independent judgment" on conflicting evidence. The powers granted to the Appeals Board were strictly "limited" and were certainly no greater than those previously exercised by the courts on judicial review of the decisions of the State Board of Equalization. (See *Covert* v. *State Board of Equalization, supra,* 29 Cal.2d 125.) The question remains as to the precise nature of the powers of the Appeals Board in view of the provision that it shall determine "whether the findings (of the Department) are supported by substantial evidence in the light of the whole record."

The phrase "substantial evidence in the light of the whole record" is not new in the law of this state. It has been embodied in section 1094.5 of the Code of Civil Procedure at all times since the enactment of that section in 1945. (Stats. 1945, ch. 868, p. 1636.) The quoted language, as used in section 1094.5, had been considered by this court prior to the adoption of the constitutional amendment in 1954 (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 244 [259 P.2d 649]), and more recently, the meaning of a similar phrase—"based upon the entire record"—was considered by this court. (*Argonaut Ins. Exchange* v. *Industrial Acc. Com.,* 49 Cal.2d 706, 708 [321 P.2d 460].) The cited cases and others show that such phrases have been consistently construed as signifying no more than the adoption by the Legislature, for particular purposes, of the "substantial evidence" rule as generally applied in judicial proceedings in this state rather than the "scintilla" rule, which has been applied in judicial proceedings in some other jurisdictions. (See *Walters* v. *Bank of America,* 9 Cal.2d 46, 49 [69 P.2d 839, 110 A.L.R. 1259]; 88 C.J.S., Trial, § 208, p. 422. The Appeals Board's present reliance on *Universal Camera Corp.* v. *National Labor Relations Board,* 340 U.S. 474 [71 S.Ct. 456, 95 L.Ed. 456], does not support a contrary conclusion, for the court there recognized that perhaps a majority of the courts have "always applied the attitude reflected in this legislation." (340 U.S. 490.) Furthermore, from its own decisions appended as

exhibits to its brief, it appears that the Appeals Board, or at least a majority thereof, has consistently declared that the Appeals Board's power of review of the Department's decisions is governed by the "substantial evidence" rule or, as otherwise stated in one of its opinions, by the "orthodox substantial evidence rule as applied in civil adversary litigation." (Matter of the Accusation against Howard W. Hill and Nancy J. Hill, A.B. 726.)

Turning to the background of this appeal, the facts may be briefly stated. The applicant applied for an on-sale beer license for a small restaurant which was located on the highway about six-tenths of a mile outside of the city limits of Grass Valley. Residents of the vicinity filed protests, and a hearing was had. It was stipulated that the hearing officer might view the premises and the neighboring vicinity, and he did so. Thereafter he made findings that the premises were in a residential area; that they did not afford adequate off-the-highway parking facilities; and that the issuance of the license would be contrary to the public welfare and morals. He therefore recommended that the application be denied. His findings and recommendations were adopted by the Department, and the license was denied. Upon the applicant's appeal to the Appeals Board, that board reversed the Department's decision upon the ground that the latter's findings were not supported by substantial evidence in the light of the whole record. The Director of the Department then petitioned the superior court for a writ of mandate to compel the Appeals Board to affirm the decision of the Department. The applicant appeared and answered. The trial court made findings of fact and conclusions of law, including the following: That the act of the Appeals Board in reversing the decision of the Department on the ground that the findings were not supported by substantial evidence in the light of the whole record "was erroneous as a matter of law and constituted action by said Appeals Board in excess of its jurisdiction." It therefore entered judgment directing the Appeals Board to issue its decision affirming the order of the Department denying the license, and the applicant appealed.

In view of our above-stated conclusions regarding the procedural questions, the sole remaining question on this appeal is whether the trial court properly determined upon the record before it that the Appeals Board had erred and exceeded its jurisdiction by its determination that the Depart-

ment's findings were not supported by substantial evidence in the light of the whole record. In our opinion, the trial court properly so determined and the judgment must be affirmed.

■ As the Department was vested with "power, in its discretion, to deny" the license upon its determination "for good cause that the granting . . . would be contrary to public welfare, . . ." the broad range of its power and discretion is at once apparent. The Department made a finding here of the ultimate fact that the granting "would be contrary to public welfare," and such finding was unassailable on appeal to the Appeals Board if there was substantial evidence in the record to show that such determination was made "for good cause." In our opinion, the record contains ample evidence for that purpose.

■ While the record before the Department shows that there is some commercial development near the applicant's place of business, it also shows that there are nine residences in the immediate vicinity and that there are children of school age living in some of those residences. The applicant's restaurant seats 43 persons. She claimed that "12 to 15 cars" could be parked on her premises between the road and the restaurant. The hearing officer, who had viewed the area by stipulation, found that "it would not be practicable to park that many cars" there, and that "the parking of cars along the road would create a traffic hazard." Upon this evidence, the Department found that the premises were in a residential area, and further found that there were inadequate parking facilities off the highway. It thus appears that there was substantial evidence to show "good cause" for the Department's determination that the granting of the license would be "contrary to public welfare." Even if it be conceded that reasonable minds might differ as to whether granting would or would not be contrary to public welfare, such concession merely shows that the determination of the question falls within the broad area of discretion which the Department was empowered to exercise.

When administrative agencies, such as the Department, are vested with broad discretionary powers, it had been declared, prior to the 1954 amendment, that the courts should permit them to "work out their problems with as little judicial interference as possible," and that an abuse of discretion "must appear very clearly before the courts will interfere." (*Maxwell* v. *Civil Service Com.*, 169 Cal. 336, 339 [146 P. 869]; see also *Hansen* v. *State Board of Equalization*, 43 Cal.

App.2d 176, 179-180 [110 P.2d 453].) In view of our conclusion that the 1954 amendment gave the Appeals Board no greater powers than those previously exercised by the courts, it follows that the same rule is applicable to the review of the Department's decision by the Appeals Board. Nothing in the record justifies the conclusion of the Appeals Board that the Department's findings were not supported by substantial evidence in the light of the whole record, and nothing in the record could justify a conclusion that the Department had abused its discretion. We therefore are of the opinion that the Appeals Board erred and exceeded its jurisdiction in reversing the decision of the Department.

Before concluding, reference should be made to the applicant's claim that the construction which we have placed on the 1954 amendment will make "the process of appealing to the Alcoholic Beverage Control Appeals Board . . . a useless and meaningless step that must be pursued in the process of exhaustion of administrative remedies." This argument is similar to that made against the adoption of the 1954 amendment in the official pamphlet distributed to the voters prior to the 1954 election. It was there argued that because of the broad discretionary powers vested in the Department and the "limited" powers vested in the Appeals Board on appeals from the Department's decisions, such appeals would be "useless." It is not our function, however, to determine whether, as a matter of policy, the Appeals Board should have been given, or should now be given, powers greater than the "limited" powers mentioned in the 1954 amendment. Our only function is to determine the nature of the powers actually conferred by that amendment. This we have done. Nevertheless, we cannot agree that an appeal to the Appeals Board thereby becomes a useless or meaningless step. The unchallenged figures submitted in the brief of the Appeals Board shows that during the period from January 1, 1955, through February 28, 1959, there had been 1152 appeals filed with the Appeals Board, 1006 decisions rendered thereon, and that "judicial review had been sought in approximately 232 cases." Thus it appears that applicants have freely availed themselves of the relatively expeditious and inexpensive remedy of appeal to the Appeals Board, and that the vast majority of the applicants, as well as the Department, have ordinarily been willing to accept the decisions of the Appeals Board without resort to the courts. We therefore believe that the Appeals Board can perform, and has per-

formed, a very useful function under the powers presently conferred upon it.

For the reasons stated, we conclude that no ground has been shown for the reversal of the judgment of the trial court.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., McComb, J., and White, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.