[Civ. No. 27941. Second Dist., Div. Three. Nov. 4, 1965.]

MALCOLM E. HARRIS, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Appellant, v. THE ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Respondent.

25

Stanley Mosk and Thomas C. Lynch, Attorneys General, and Lynn Henry Johnson, Deputy Attorney General, for Plaintiff and Appellant.

Charles P. Just for Defendant and Respondent.

FRAMPTON, J. pro tem.*—Appeal from judgment of the Superior Court of Los Angeles County denying peremptory writ of mandate, seeking to have set aside a decision of the Alcoholic Beverage Control Appeals Board.

For brevity, the petitioner and appellant will be referred to herein as the ''Department,'' and the defendant and re-

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

spondent will be referred to herein as the "Appeals Board."

The Department filed in the court below a petition for writ of mandate seeking to have set aside a decision of the Appeals Board. The Appeals Board decision had reversed an order of the Department overruling a protest against the transfer of a liquor license and granting such transfer. After hearing duly held, the court rendered judgment in which it discharged the alternative writ of mandate theretofore issued, and denied the peremptory writ sought by the Department.

The background of the litigation discloses that on April 26, 1962, Hartfield Stores, a corporation, filed an application with the Department for transfer of a retail off-sale general liquor license to premises located at 10201 Reseda Boulevard in Northridge, California. This proposed transfer was protested by Robert J. Consoli and Robert J. Wilson on the ground that if granted it would violate section 23793[1] of the Business and Professions Code, which requires a minimum distance of 200 feet between premises occupied under licenses of the same type. After hearing, the Department overruled the protests. On appeal, the Appeals Board reversed the decision of the Department.

Hartfield operates a large store, commonly known as a discount type department store, which is open to the public. This business is carried on in a one story masonry building approximately 200 feet by 300 feet in area. By its application, it proposed to locate a liquor department in an area approximately 25 feet by 50 feet within this larger building. At the time of the application, there was a store operating under an off-sale general liquor license located at 10240 Reseda Boulevard in Northridge, California. These premises were a distance of 390 feet from the Hartfield premises, the distance being measured from the nearest public entrance of the existing premises at 10240 Reseda Boulevard to the nearest public entrance of the Hartfield premises. Another off-sale

---

[1]Bus. & Prof. Code, § 23793: "On and after the effective date of this section, no license shall be issued or transferred from premises to premises to be operated under a retail license within 200 feet of existing premises operated under a license of the same type, except when the proposed premises are to be a bona fide public eating place, or a hotel or motel of 75 rooms or more where the sale of alcoholic beverages would be incidental to the main purpose of providing hotel or motel and restaurant facilities, or where the applicant can show that the licensing of his particular business would serve a public demand not otherwise satisfied by existing licensed premises.

". . . . . . . . . . ."

general license had been approved for a business then operating at 10177 Reseda Boulevard. The latter is a distance of 120 feet from the Hartfield premises if the measurement is made from property line to property line, or building wall to building wall. It is a distance of 333 feet if measured from the nearest edge of the nearest public entrance of the existing licensed premises to the nearest public entrance of the Hartfield premises. ▮▮▮ The Department in reaching its administrative decision measured the distance from entrance to entrance, and held that the Hartfield premises were not within 200 feet of the then existing premises referred to as 10177 Reseda Boulevard. The Appeals Board reversed the Department on the ground that the Department's interpretation of section 23793 was erroneous.

The enforcement and administration of the Alcoholic Beverage Control Act (Bus. & Prof. Code, §§ 23000 et seq.) is vested in the Department under the provisions of article XX, section 22[2] of the California Constitution. The Department has been granted a broad range of power and discretion in

[2]Cal. Const., art. XX, § 22: ". . . The Department of Alcoholic Beverage Control shall have the exclusive power, except as herein provided and in accordance with laws enacted by the Legislature, to license the manufacture, importation and sale of alcoholic beverages in this State, and to collect license fees or occupation taxes on account thereof. The department shall have the power, in its discretion, to deny, suspend or revoke any specific alcoholic beverage license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals, or that a person seeking or holding a license has violated any law prohibiting conduct involving moral turpitude. It shall be unlawful for any person other than a licensee of said department to manufacture, import or sell alcoholic beverages in this State.

"The Alcoholic Beverage Control Appeals Board shall consist of three members appointed by the Governor, subject to confirmation by a majority vote of all of the members elected to the Senate. Each member, at the time of his initial appointment, shall be a resident of a different county from the one in which either of the other members resides. The members of the board may be removed from office by the Governor, and the Legislature shall have the power, by a majority vote of all members elected to each house, to remove any member from office for dereliction of duty or corruption or incompetency.

"When any person aggrieved thereby appeals from a decision of the department ordering any penalty assessment, issuing, denying, transferring, suspending or revoking any license for the manufacture, importation, or sale of alcoholic beverages, the board shall review the decision subject to such limitations as may be imposed by the Legislature. In such cases, the board shall not receive evidence in addition to that considered by the department. Review by the board of a decision of the department shall be limited to the questions whether the department has proceeded without or in excess of its jurisdiction, whether the department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are sup-

deciding whether a particular application for a liquor license should be granted or denied. The courts will permit the Department to work out its problems with as little judicial interference as possible, and an abuse of discretion must appear very clearly before the courts will interfere. (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 238, at p. 248 [340 P.2d 1].) With minor exceptions, not relevant here, the review by the Appeals Board of a decision of the Department is limited to the questions whether the Department has proceeded without jurisdiction, whether the Department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record viewed in its entirety, including the body of evidence opposed to the Department's findings. (Cal. Const., art. XX, § 22; Bus. & Prof. Code, § 23084; see also *Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* p. 243.)

In adding section 23793 to the Business and Professions Code in 1961, as well as adding and amending other sections within the purview of the Alcoholic Beverage Control Act, the Legislature declared: ''This act is an emergency measure necessary for the immediate preservation of the public peace, health or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting such necessity are: Under existing law, unless amended immediately, the Department of Alcoholic Beverage Control will be forced to issue a huge number of new liquor licenses in view of the population increases in several counties, as shown by the 1960 decennial census, which issuance would result in over-concentration of licensed premises in many counties. Furthermore, there are in the existing law no meaningful standards for distributing these licenses

---

ported by substantial evidence in the light of the whole record. In appeals where the board finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the department it may enter an order remanding the matter to the department for reconsideration in the light of such evidence. In all other appeals the board shall enter an order either affirming or reversing the decision of the department. When the order reverses the decision of the department, the board may direct the reconsideration of the matter in the light of its order and may direct the department to take such further action as is specially enjoined upon it by law, but the order shall not limit or control in any way the discretion vested by law in the department. Orders of the board shall be subject to judicial review upon petition of the director or any party aggrieved by such order. ''. . . . . . . . . . .''

to meet actual demand, but instead they would merely be issued on a first-come first-served basis. This act is designed to alleviate the above problems in the interest of the public welfare and morals, and it is therefore necessary that this act go into immediate effect.'' (Stats. 1961, ch. 783, § 13.)

It is apparent that the Legislature, in enacting section 23793, was attempting to set up standards to govern the issuance of new licenses so as to insure that such licenses would meet public demand and would not be issued on a first-come first-served basis, thereby preventing an over-concentration of outlets. The Legislature prescribed a minimum of 200 feet as the distance between premises, as a guide to accomplish the objects and purposes of the legislation. The word ''premises'' as used in the statute is not defined. We assume, therefore, that the Legislature was aware of the broad application of the word ''premises'' as applied to varying circumstances (*Irvine Co.* v. *California Emp. Com.*, 27 Cal.2d 570, at p. 581 [165 P.2d 908]; *City of Long Beach* v. *Marshall*, 11 Cal.2d 609 at p. 620 [82 P.2d 362]) and intended that it be construed in such manner as to allow the Department to exercise a wide discretion in formulating reasonable rules not inconsistent with the law as a guide for its enforcement and to accomplish the objects and purposes of the statute. ''[T]he interpretation to be given to the word 'premises' depends entirely upon its use in the instrument where it appears, and the subject matter to which it refers.'' (*Ballsun* v. *Star Petroleum Co.*, 105 Cal.App. 679, at pp. 687-688 [288 P. 437].) ''The word 'premises' has various meanings depending on the subject matter in connection with which it is used. It has no fixed legal significance, and no definition applicable to every situation.'' (72 C.J.S., Premises, p. 484.) ''[T]he word is used as meaning lands and houses, and as meaning lands only, and as meaning houses as distinct from land; also, as parts of a building.'' (*Ballsun* v. *Star Petroleum Co., supra,* at p. 687; see also *People* v. *Atwood,* 223 Cal.App.2d 316, at p. 323 [35 Cal. Rptr. 831].)

The Department, acting pursuant to its duty to enforce the act, adopted as a standard of measurement of the distance between premises the distance measured between the nearest public entrances of a licensed facility and the facility seeking a license. The Appeals Board reversed the Department's order overruling the contest solely upon the grounds that the Department's construction of the word ''premises'' as used in the statute and the Department's use of the nearest public

entrances as points of measurement to ascertain the distance between premises were erroneous. The Appeals Board reached its conclusion by adopting as a definition of the word "premises" the building or area in which the licensed privilege may be exercised and thus the point of measurement should be the distance between the nearest walls of the buildings. There are many instances in which the method of measurement adopted by the Appeals Board would seem inappropriate. For example, if two premises, one of which faced upon a street which ran parallel and one block distant from the street upon which another premises were situated, had a common line at the rear of each with buildings which occupied the entire area of the respective lots, the distance between the buildings would be zero, whereas the distance between the closest public access could well be over 3 blocks.

The question presented here, however, is not whether the rule adopted by the Appeals Board may be the better or more workable rule than that adopted by the Department. ■ As heretofore pointed out, the duty to enforce and administer the statute is vested in the Department, and it has been given a broad range of power and discretion in carrying out this duty, and unless it can be said that in adopting and applying its method of measurement to ascertain the distance between premises it has proceeded without jurisdiction, or has proceeded in a manner contrary to law, the decision of the Department must be sustained. It is not disputed that when the method of measurement adopted and used by the Department is applied to ascertain the distance between the premises here under consideration, such premises are situated more than 200 feet distant, one from the other, and the applicant would be entitled to a license, having met and complied with the other conditions and restrictions imposed under the Alcoholic Beverage Control Act.

■ There is no doubt but that the Department has jurisdiction to adopt a reasonable rule for the enforcement of the statute and to accomplish its objects and purposes, and the rule of measurement adopted by the Department is not contrary to law.

The judgment is reversed, and the trial court is directed to issue its peremptory writ of mandate commanding the Appeals Board to vacate and set aside its decision in the within matter.

Ford, J., and Kaus, J., concurred.