[Civ. No. 31302.   Second Dist., Div. Three.   July 8, 1968.]

JAMES O. REIMEL, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Appellant, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Respondent.

Thomas C. Lynch, Attorney General, and Nicholas C. Yost, Deputy Attorney General, for Plaintiff and Appellant.

Leo K. Gallant for Defendant and Respondent.

FRAMPTON, J., pro tem.*—On November 8, 1965, Safeway Stores, Inc., filed with the Department of Alcoholic Beverage Control, hereinafter referred to as the "Department," an application for the issuance of an off-sale general license. Four protestants filed a protest with the Department on December 6, 1965. On December 13, 1965, pursuant to section 24013[1] of the Business and Professions Code, the Department rejected the protest. It issued the license subject to the final decision made upon the rejected protest, and stated that a hearing on the protest will be held by a hearing officer of the Office of Administrative Procedure, in which proceeding the protest will be treated as an accusation. On December 24, 1965, before any such hearing was held, the protestants appealed to the respondent Alcoholic Beverage Control Appeals Board, hereinafter referred to as the "Board." On

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]Business and Professions Code section 24013 reads: "Protests may be filed at any office of the department at any time within 30 days from the first date of posting the notice of intention to engage in the sale of alcoholic beverages at such premises.

"The department may reject potests, except protests made by a public agency or public official or protests described in Section 23988, if it determines such protests are false, vexatious, or without reasonable or probable cause at any time before hearing thereon, notwithstanding the provisions of Sections 24015, 24016, or 24300. If the department rejects a protest as provided in this section and issues a license, the department shall hold a hearing to revoke the license as provided in Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code.

"Nothing in this section shall be construed as prohibiting or restricting any right which the individual making the protests might have to a judicial proceeding."

December 29, 1965, the Department filed a motion with the Board to dismiss the appeal on the grounds that the protestants had failed to exhaust their administrative remedy, and therefore, the Board lacked jurisdiction to consider the matter. On February 25, 1966, the Board denied the motion and directed the Department to prepare an official record on appeal. The Department filed a petition for a writ of mandate to compel the Board to grant its motion and to dismiss the appeal. The petition was denied. The appeal is from the judgment denying mandate and dismissing the petition.

Section 24013 of the Business and Professions Code was amended by the Legislature in 1965 by adding the last two paragraphs thereto. (Stats. 1965, ch. 1161, § 1.) The amendment was sought by the Department to avoid delay in the issuance of licenses to qualified applicants, due to what the Department termed ''bad protests,'' that is, protests which ''in the past several years had been increasing in numbers,'' and which the Department found were not founded in fact or were maliciously made. The Department pointed out to the Assembly Interim Committee on Government Organization that on many occasions the ''bad protests'' would prevent a qualified applicant from going into business for a year or more during the administrative process. (Cal. Legislature, Assembly Interim Committee on Government Organization, ''A Preliminary Report on Alcoholic Beverage Control,'' 1965, pp. 9-10.)

██ ''The enforcement and administration of the Alcoholic Beverage Control Act (Bus. & Prof. Code, §§ 23000 et seq.) is vested in the Department under the provisions of article XX, section 22 [footnote omitted] of the California Constitution. The Department has been granted a broad range of power and discretion in deciding whether a particular application for a liquor license should be granted or denied. The courts will permit the Department to work out its problems with as little judicial interference as possible, and an abuse of discretion must appear very clearly before the courts will interfere. (*Martin* v. *Alcoholic Beverage etc. Appeals Board*, 52 Cal.2d 238 at p. 248 [340 P.2d 1].) ██ With minor exceptions, . . . the review by the Appeals Board of a decision of the Department is limited to the questions whether the Department has proceeded without jurisdiction, whether the Department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in

the light of the whole record viewed in its entirety, including the body of evidence opposed to the Department's findings. (Cal. Const., art. XX, § 22; Bus. & Prof. Code, § 23084; see also *Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* p. 243.)'' (*Harris* v. *Alcoholic Bev. etc. Appeals Board,* 238 Cal.App.2d 24, 27-28 [47 Cal.Rptr. 424].)

Article XX, section 22 of the California Constitution provides in part that ''When any person aggrieved thereby appeals from a decision of the department ordering any penalty assessment, issuing, denying, transferring, suspending or revoking any license for the manufacture, importation, or sale of alcoholic beverages, the board shall review the decision subject to such limitations as may be imposed by the Legislature.'' Article XX, section 22 also provides that ''All alcoholic beverages may be bought, sold, served, consumed and otherwise disposed of in premises which shall be licensed as provided by the Legislature.''

Section 23082 of the Business and Professions Code provides that ''No decision of the department shall become effective during the period in which an appeal may be filed and on the filing of an appeal shall stay the effect of the decision until such time as a final order is made by the board.''

The trial court held that rejection of the protests under section 24013 constituted a decision of the Department issuing a license within the meaning of article XX, section 22 of the Constitution and that such decision was therefore subject to review by the Board. If this view is sustained then an applicant for a license may be subjected to the delay resulting from two appeals, one from the decision to reject the protests and one from the final decision upon hearing such protests, whereas, before the adoption of the 1965 amendment to section 24013 the applicant was subject to but one appeal. The Board's version of the legislation, sustained by the trial court, defeats the intent and purpose of the Legislature in adopting the amendment.

An interpretation of section 24013 as amended in 1965 which would authorize the Board to accept and determine an appeal from a decision of the Department adopting the procedure authorized by such section, at the same time that the Department proceeds with the mandatory hearing to revoke the license based upon protests filed, pursuant to the provisions of the section, would lead to an absurd and undesirable result. One of the administrative remedies should be pursued to a final determination. It should be exhausted. Otherwise,

the protestants occupy the anomalous position of asking the Department for administrative relief, and at the same time asking the Board for relief from an anticipated decision of the Department. (See *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 296 [109 P.2d 942, 132 A.L.R. 715].) Under respondent's interpretation, with a dual appeal, the applicant is placed in a position to have its license granted, revoked, granted and revoked.

■ The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Select Base Materials* v. *Board of Equalization,* 51 Cal.2d 640, 645 [335 P.2d 672].)
■ It is a well settled rule of statutory interpretation that courts may and should have recourse to available extrinsic aids in order to discover the meaning and purpose of the legislation. Also, in enforcing the command of a statute, both the policy expressed in its terms and the object implicit in its history and background should be recognized. (*Shafer* v. *Registered Pharmacists Union,* 16 Cal.2d 379, 383 [106 P.2d 403].) ■ Taking into consideration the policies and purposes of the act, the applicable rule of statutory construction is that the purpose sought to be achieved and evils to be eliminated have an important place in ascertaining the legislative intent. ■ Statutes should be interpreted to promote rather than defeat the legislative purpose and policy. (*Freedland* v. *Greco,* 45 Cal.2d 462, 467 [289 P.2d 463].)

■ We are of the opinion that the Legislature has, by the adoption of the 1965 amendment to section 24013, pursuant to the authority vested in it by the provisions of article XX, section 22 of the Constitution, given the Department an alternative method which it may pursue in licensing applicants. Under the section as amended, the Department may now accept the protests and conduct a hearing thereon before issuing the license, or it may reject the protests, issue the license, and then conduct the hearing required by section 24013. In either case a hearing is provided for and the final decision of the Department after such hearing is subject to review by the Board. We are further of the opinion that the determination of the Department to pursue one or the other of such alternative methods of licensing is not a decision which is subject to review by the Board, and therefore, no appeal lies from such determination.

The judgment is reversed with directions to the trial court to reinstate the petition, amend its findings of fact and con-

clusions of law so as to be consistent with this opinion, and to thereupon issue a peremptory writ of mandate to the Alcoholic Beverage Control Appeals Board commanding such Board to dismiss the appeal of the protestants in the proceedings involving the application of Safeway Stores, Inc., bearing AB number 2535, file number 31363, and register number 7963 in the files of the Board.

Ford, P. J., and Moss, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 5, 1968.