Griffith, J.
The basic question raised by this action in mandamus is whether military service can be credited to time served as a city fireman in determining the right to a fireman’s pension, where such fireman does not rejoin the fire department within the statutory time.
It is appellee’s contention that, since he was on a military leave of absence, his time in the armed forces must be credited to his time of service in the fire department in determining his pension rights.
The right to participate in the Firemen’s Relief and Pension Fund is governed by statute. The applicable provision of Section 4612-4, General Code, which now appears in Section 741.18, Revised Code, reads in part as follows:
“A member of the fund who has completed 25 years of active service in the fire department and has attained 52 years of age may, at his election, retire from the fire department * * The language of this section is clear and unambiguous.
Under this section, two basic conditions must occur to entitle one to participate in the fund, the completion of 25 years of active service with the department and the attainment of the age of 52.
Primarily, it is the meaning of the phrase, “active service,” which raises the question in the instant case.
Since appellee was on a military leave of absence from the *422 fire department, can Ms military service be considered “active service” in the department in relation to Ms pension rights under the statute?
The phrase, “active service,” connotes an actual participation in the employer’s business. Such phrase does not include activities performed while on a leave of absence for the purpose of following another pursuit, even though such absence may be involuntary due to induction in the armed forces. Although during the time one is on a leave of absence there is a continuity of the employment status, the employee is not in the active service of the employer. Leave of absence means absence from service. During a leave of absence, active service for the employer has been temporarily suspended, but the employment status continues to a limited extent. Such status continues to the extent that one on a leave of absence has a right to return to the active service of the employer. See Rumetsch v. City of Oakland, 135 Cal. App., 267, 26 P. (2d), 677.
In other words, while one is on a leave of absence he is not in the active service of his employer.
In order to alleviate the hardship of loss of time of active service caused by temporary absence from the fire department as a result of the emergency created by "World War II and to preserve the pension rights of those who returned to the department after serving their country in the armed forces, the General Assembly in 1947 enacted Section 4612-3, General Code (now Section 741.17, Revised Code, without substantial change). Section 741.17 reads as follows:
“A member of the fire department of a municipal corporation who, during periods of national emergency as declared by the President or the Congress of the United States, enlisted, was inducted, or accepted a commission in the armed forces of the United States, shall, in computing years of service in the fire department, be given full credit for the time served in the armed forces. Such member must have been honorably discharged from the armed forces on or before September 30, 1948, and have made application for reinstatement in the fire department within 90 days from the date of discharge.”
This section does not operate to convert military service into active service in the fire department, but provides that if *423 certain conditions are met such military service may be used in computing length of service in order to qualify for a pension. To receive such credit the employee must have been honorably discharged from the military service on or before September 30, Í948, and have made an application for reinstatement to the fire department within 90 days from the date of his discharge.
Clearly, appellee is not entitled to a pension under either Section 741.17 or Section 741.18. At the time he entered the armed services in 1940, his right to a pension had not vested. He had complied with neither of the conditions imposed by Section 741.18, Bevised Code, neither having had 25 years of active service with the department nor having attained the age of 52. Nor does he come under the provisions of Section 741.17, Bevised Code, since he was not discharged prior to September 30, 1948. As a matter of fact, he remained in the armed services until 1959.
Appellee insists that his right to his pension vested while he was in the armed services. Under his theory, his 25 years expired in 1944, and then in 1949, when he reached the age of 52, his right to a pension vested in him. Appellee urges that the conditions of an honorable discharge prior to September of 1948 and application for reinstatement did not become effective in 1949 until after the time of his 52nd birthday, and thus his pension vested without his compliance therewith. However, in this respect appellee is in error. Section 4612-3, General Code (now Section 741.17, Bevised Code), became effective in 1947 and established at that time the basic condition for military credit.
The right to a pension arises only by a fulfilling of the statutory conditions relating thereto. It is fundamental that where rights are created by statutes such rights can vest only when all the statutory conditions have been met. It is then, and only then, that a vested right accrues. Appellee at the time he entered the military service had not complied with such conditions. During the period of hostilities, he was on a military leave of absence, and his status as a member of the fire department continued but he was not in the active service of such department.
The pension in the present case arose as a result of statute *424 and it is only if the statute so provides that appellee would have any right to add his time in military service to that served with the fire department to establish his right to a pension. The only provision for the crediting of military service is in Section 741.17, Revised Code. Thus, only by compliance with the provisions of Section 741.17, Revised Code, by being discharged prior to September of 1948 and making an application for reinstatement within 90 days, would he be entitled to receive credit for his years of military service. Appellee had an option, he could have returned to his employment after the cessation of hostilities, when he could have procured a discharge from the armed forces or continued his military career. He elected to continue his military career. By so doing, he abandoned his firemen’s pension rights, thus forfeiting any rights he could have obtained under the statutes. This was a voluntary act. Appellee was not discharged from the armed forces within the time specified by statute. He had a right under the law to return to his employment, which he did not choose to exercise. Thus, he abandoned such rights as he had under the statutes.
Having failed to comply with the statutory provisions, appellee is not entitled to a fireman’s pension, and the judgment of the Court of Appeals is, therefore, reversed and final judgment rendered for appellants.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, O’Neill and Herbert, JJ., concur.
Gibson, J., concurs in the syllabus and judgment only.